**FILED**

UNITED STATES DISTRICT COURT

SEP 2 2 2006

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KELLY D. WARFIELD, | CIV. 06-04169 |
| Petitioner, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| SOUTH DAKOTA SUPREME COURT and/or STATE OF SOUTH DAKOTA, | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota, filed this *pro se* civil rights lawsuit on September 20, 2006. He alleged the Defendants have violated his constitutional rights under the Fourteenth Amendment, and that his constitutional access to the courts has been denied. Pending are Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) and Petition for Injunction and/or Restraining Order Pursuant to Fed. R. 65 (Doc. 1).

## BACKGROUND

Petitioner seeks an injunction or a restraining order pursuant to Fed. R. Civ. P. 65. He asserts the Defendants (the South Dakota Supreme Court and/or the State of South Dakota) "issued an unconstitutional and erroneous sanction" against him on or about April 8, 2005. On that date, the South Dakota Supreme Court issued an Order which directed the Clerk of the South Dakota Supreme Court and all clerks within its supervisory jurisdiction to decline any filings from Petitioner, with certain exceptions (including appropriate papers relating to the defense of any civil actions, and appropriate papers in any of his pending criminal cases relating to habeas corpus applications, etc.). The sanction order also required Petitioner to obtain prior approval from the Court before issuing any *pro se* subpoenas in the previously mentioned civil or criminal matters.

Petitioner asserts he sent the Defendants a "motion to compel photograph negatives" on September 13, 2006, but the motion was returned to him pursuant to the South Dakota Supreme

Court's sanction order. He claims the photographic negatives he seeks would assist him in supplementing the certiorari petition currently pending with the United States Supreme Court (docket no. 06-5453). Petitioner asserts the South Dakota Supreme Court's sanction order is erroneous and unconstitutional, and asks this Court to issue an injunction and/or restraining order reversing the South Dakota Supreme Court.

## DISCUSSION

### Screening

The Court has, as it must, "screened" Petitioner's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Review of prisoner civil complaints is required "as soon as practicable" when a prisoner seeks redress from a governmental entity, officer or employee of a governmental entity. For the reasons more fully explained below, Petitioner's Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.

### Preliminary Injunction

The factors to consider regarding a request for preliminary injunction are: (1) the threat of irreparable harm to the movant; (2) the state of the balance of this harm and the injury that granting the injunction will inflict on the other parties involved; (3) the probability that the movant will succeed on the merits; and (4) the public interest. The burden to prove the injunction should be issued rests entirely with the movant. While no single factor is determinative, the absence of a finding of irreparable injury is sufficient grounds for vacating/denying a preliminary injunction. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (citations omitted). Petitioner asserts the photographic negatives which are the subject of the underlying dispute would support the claims pending in his U.S. Supreme Court certiorari petition, but he offers no factual basis for this claim. Plaintiff is therefore unable to show the "irreparable harm" necessary to grant a preliminary injunction.

### *Rooker-Feldman* Doctrine

More importantly, Petitioner asks this Court to overrule the South Dakota Supreme Court's order (the sanction order forbidding Petitioner's further filings, save specific exceptions). "The *Rooker-Feldman* doctrine provides that with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005). Such jurisdiction is vested only in the United States Supreme

Court. Prince v. Arkansas Bd. Of Examiners of Psychology, 380 F.3d 337, 340 (8th Cir. 2004). The *Rooker-Feldman* doctrine bars both direct and indirect attempts by federal court litigants to undermine the decisions of the state courts. Id. Litigants "may not pursue federal claims with allegations that are inextricably intertwined with a state court decision." Id. The crux of Petitioner's claim and request for relief is that the South Dakota Supreme Court's April 8, 2005 sanction order is unconstitutional. Petitioner's request for a preliminary injunction and/or temporary restraining order effectively requests a reversal of the South Dakota Supreme Court's order. This federal claim, therefore, is "inextricably intertwined with a state court decision." Petitioner's claims against the South Dakota Supreme Court are barred by the *Rooker-Feldman* doctrine.

**State of South Dakota: Eleventh Amendment Immunity**

Petitioner also named the State of South Dakota as a Defendant in his lawsuit. The state, however, is immune from suit pursuant to the Eleventh Amendment. Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S.Ct. 684, 687. Eleventh Amendment immunity as to the state and its agencies is immunity against "all suits in federal court" and applies regardless of the relief sought. Id., 506 U.S. at 146, 113 S.Ct. at 689. Petitioner has therefore likewise failed to state a claim upon which relief may be granted as to the State of South Dakota.

**Three Strikes: Payment of Filing Fees**

Petitioner has applied for *in forma pauperis* status to pay the required $250.00 filing fee. Based on the documentation filed to date, it appears Petitioner is eligible for *in forma pauperis* status. Pursuant to § 1915(b)(1), prisoner *in forma pauperis* litigants remain responsible to pay the full filing fee. Plaintiff is also advised of the "three strike" provision of 28 U.S.C. § 1915(g).

This action will be counted as a "strike" for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants,

do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. In Re: Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed. Anderson v. Sundquist, 1 F.Supp.2d 828, 830 n. 5 (W.D. Tenn. 1998). See also In Re: Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Any filing fees paid to-date, therefore, will not be refunded to the Plaintiff and Plaintiff remains responsible for continued payments until the filing fee is paid in full.

## ORDER

Now, therefore, IT IS ORDERED:

(1) Petitioner's Complaint and Motion for Injunction/Temporary Restraining Order (Doc. 1) is DISMISSED without prejudice for failure to state a claim upon which relief may be granted;

(2) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED. Plaintiff remains obligated to pay the $350.00 filing fee in full, pursuant to 28 U.S.C. § 1915(b)(1).

(3) The institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10.00, monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

Dated this ____ day of September, 2006

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: _____, Deputy
(SEAL)